IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-03-205(1) |
| | § | (C.A. No. C-06-211) |
| ROLANDO ROSA GARCIA, | § | |
| | § | |
| Defendant-Movant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING
MOTION PURSUANT TO 28 U.S.C. § 2255
AND DENYING A CERTIFICATE OF APPEALABILITY**

Pending before the Court is Rolando Rosa Garcia's ("Garcia") motion to vacate, set aside, or correct his sentence, brought pursuant to 28 U.S.C. § 2255. (D.E. 68.)[1] Also before the Court is the government's answer and motion to dismiss. (D.E. 70, 71.) Garcia filed a reply (D.E. 72), which the Court has also considered. For the reasons discussed herein, the Court denies Garcia's § 2255 motion. Additionally, the Court denies Garcia a Certificate of Appealability.

**I. JURISDICTION**

The Court has jurisdiction over this matter under 28 U.S.C. § 1331.

---

[1] Docket entry references are to the criminal case, CR. No. C-03-205.

1

## II. PROCEDURAL HISTORY

### A. Summary of Offense[2]

This offense involved the attempted transportation of marijuana around the Falfurrias, Texas U.S. Border Patrol Checkpoint by approximately seven individuals from on or about March 15, 2003 until March 17, 2003. On March 13, 2003, Garcia contacted Octavio Hernandez, III and told Hernandez that he had 200 pounds of marijuana to be transported around the Border Patrol Checkpoint, and that he needed Hernandez's assistance. Garcia stated that Hernandez would be paid $75 per pound for the transportation of drugs and that Hernandez was supposed to find other people to assist in the transportation. Garcia also lent Hernandez a truck to be used in the transportation of the drugs

Hernandez enlisted the help of three other individuals, Avelino Longoria, Roy Mora, and Adrian Castallenos. On March 14, 2003, Hernandez, Longoria and Mora accompanied Hernandez to pick up the marijuana from Garcia at a home in Mission, Texas. That same day, Mora drove Hernandez and Longoria to an unknown ranch gate on Highway 281, where they concealed the marijuana in the brush. On March 15, 2003, Mora drove Hernandez, Longoria and an individual named Enemencio Lopez, Jr. to an area where they had concealed the marijuana, and traveled to the Tepehuaje Ranch gate, where they unloaded

---

[2] The description of the offense conduct is taken from the Presentence Investigation Report ("PSR") at paragraphs 4 through 11.

the marijuana and transported three of the four bags by foot to an antenna tower just south of the Border Patrol checkpoint. The remaining bag was left at the Tepehuaje Ranch gate. As the three men walked with the bags, Lopez began to feel sick and left the bag he was carrying near the antenna tower and walked toward U.S. Highway 281. Longoria and Hernandez also left their bags and headed toward the same highway.

On March 17, 2003, Hernandez later recruited yet another individual, Edward Robinson, to assist them. Hernandez and Robinson traveled to where the three bags of marijuana were believed to be, but could not find them. On the same date, Mora, Longoria and Castellanos went to retrieve the bag hidden at the Tepehuaje Ranch gate. After retrieving the bag, Longoria, Castellanos and Mora departed the area in a Dodge Neon. Mora was driving. U.S. Border Patrol agents observed the vehicle driven by Mora and followed it, because the route the car was traveling was one frequently used for drug and alien smuggling. Mora stopped the vehicle at a crossover and the occupants exited the vehicle and fled on foot. The agents were able to apprehend Mora at the scene. They discovered the marijuana in the Neon.

Castellanos was discovered by a Border Patrol agent on March 18, 2003, crawling through a barbed wire fence near a Days Inn in Falfurrias, and was arrested. A search of Castellanos revealed a loaded .25 caliber Beretta and Castellanos later admitted he had been involved in the transportation of marijuana in the Dodge Neon. He was able to provide the agents enough information to identify Longoria, Hernandez and Robinson, all of

whom were later arrested. Based on information provided by the subjects, agents were able to locate the remaining three duffle bags of marijuana. The total weight of the marijuana was 86.76 kilograms, with an estimated value of $44,800.

**B.     Procedural History**

On July 9, 2003, Garcia was charged, along with Lopez, in a two-count indictment with: (1) conspiracy to possess with intent to distribute approximately 96 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846; and (2) knowingly and intentionally possessing with intent to distribute approximately 96 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(C) and 18 U.S.C. § 2.  (D.E. 1.) Garcia pleaded not guilty and both counts were tried to a jury on November 17 and 18, 2003.  (D.E. 30-36.)  The jury returned a guilty verdict as to both counts on November 18, 2003.  (D.E. 37.)

At the direction of the Court, a presentence investigation report ("PSR") was prepared.  (D.E. 39, 45.)  The Probation Department calculated Garcia's base offense level for both counts to be a 24. It then included a four-level upward adjustment for Garcia's role as an organizer or leader, pursuant to U.S.S.G. § 3B1.1(a). (D.E. 45.)  Then, the PSR added two levels for obstruction of justice, pursuant to U.S.S.G. § 3C1.1. (D.E. 45.) According to the PSR, Garcia had twice asked and threatened an individual to give false testimony in favor of Garcia at trial, which the individual refused to do. Instead, that individual reported Garcia to the police.  (PSR at ¶¶ 12, 23.)  This resulted in a total

offense level of 30. When coupled with his criminal history category of I, Garcia's resulting guideline range was 97 to 121 months. (PSR at ¶¶ 28-33, 48.)

The Court had ordered that objections to the PSR be filed not later than January 12, 2004, and Garcia did not file any by that date. The report was revised on January 22, 2004 to reflect that no objections had been filed. Garcia's counsel eventually filed objections on February 17, 2004, two days prior to the sentencing. (D.E. 45.) Specifically, he objected to both the adjustment for his role in the offense, and the obstruction of justice enhancement.

Sentencing was held on February 19, 2004. (See generally D.E. 63, Transcript of Sentencing ("S. Tr.").) At sentencing, the government objected to Garcia's late-filed objections as untimely. (S. Tr. at 3, 7.) The Court sustained the government's objection, finding that there was no good cause for defense counsel's failure to adhere to this Court's local rules and orders governing the deadlines for filing PSR objections. (S. Tr. at 7.) Accordingly, the Court refused to hear Garcia's objections. (S. Tr. at 7-10.)

The Court sentenced Garcia to the lowest end of the applicable guideline range, 97 months, as to both counts, to run concurrently. The Court also imposed a three-year supervised release term on each of the two counts, to run concurrently, and imposed a $1,000 fine and $200 special assessment. (S. Tr. at 15-16; D.E. 46-47.)

Through counsel Robert A. Berg, Garcia filed a timely notice of appeal. Garcia then moved for the appointment of new counsel, and United States Magistrate Judge Ellington appointed Kimberly Keller to represent him, and also granted him *in forma*

*pauperis* status on appeal. (D.E. 54-59.)

The Fifth Circuit affirmed Garcia's conviction and sentence in an *per curiam* opinion, issued June 22, 2005. (D.E. 65.) The Fifth Circuit specifically stated, however, that it would "not address Garcia's argument, raised for the first time on appeal, that he was denied effective assistance of counsel because counsel failed to file timely objections to the Presentence Report." (D.E. 65 at 1.) Instead, the Court affirmed "[w]ithout prejudice to Garcia's right to claim ineffective assistance of counsel in a 28 U.S.C. § 2255 motion." (Id. at 2.)[3] Garcia did not file a petition for writ of certiorari. His timely § 2255 motion was received by the Clerk on May 18, 2006. (D.E. 68.)

### III. **MOVANT'S ALLEGATIONS**

The arguments raised by Garcia in his § 2255 motion are somewhat difficult to understand. He lists two grounds for relief, both of which are titled simply "ineffective assistance of counsel." In his supporting memorandum, he elaborates. As to his first claim, he alleges that his sentencing attorney was ineffective for "allowing a sentence to be imposed using 21 U.S.C. § 841(b)(1)(C) ... because 841(b)(1)(C) does not identify the prohibited act that is intended to be punished." (D.E. 68, Supp. Mem. at 3.) As to his second claim, he argues that his attorney was ineffective for failing to challenge his sentence on the grounds that it was "at least 38 months more than the statutory maximum of Title 21

---

[3] Although the Fifth Circuit dismissed the issue without prejudice, Garcia has not asserted in his § 2255 motion that his sentencing counsel was ineffective for failing to file timely objections. Thus, this Court does not address that claim.

U.S.C. § 841(b)(1)(C) ..." (Id.)

## IV. DISCUSSION

**A.    28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).

**B.    Ineffective Assistance of Counsel**

   **1.    Standards For Evaluating Ineffective Assistance Claims**

Garcia alleges that he was denied effective assistance of counsel at sentencing. This claim is properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of

what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. U.S. v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001). If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"), cert. denied, 514 U.S. 1071 (1995); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

In order for Garcia to show that he suffered prejudice as to any *sentencing* issues, he must show that there is a reasonable probability that but for counsel's alleged errors, the sentencing would have been different. See United States v. Phillips, 210 F.3d 345, 350 (5th Cir. 2000). As discussed herein, there is no evidence to support any contention that, but for counsel's alleged errors, Garcia would have received a different sentence.

**2. Counsel's Failure To Object to Sentencing Under 21 U.S.C. § 841(b)(1)(C) Based On Statute's Alleged Defects**

In support of his first claim, Garcia makes several arguments based on statutory construction, none of which the Court finds meritorious. For example, he first appears to be arguing that exclusionary language in Section 841(b)(1)(c), i.e. the phrase "except as provided in subparagraphs (A), (B) and (D)," means that any quantity of marijuana found in (A), (B), and (D) should be excluded from consideration in section (C). In fact, the

quoted language simply means that, for all cases that do not fit within subsections (A), (B) or (D) in terms of drug quantity, the sentence shall be determined by subsection (C). The marijuana amount for sentencing under subsection (A) is 1000 kilograms or more; for subsection (B) is 100 kilograms or more; and for subsection (D) is less than 50 kilograms. In Garcia's case, he was found guilty of possessing and conspiring to possess approximately 96 kilograms, or a net weight of 86.76 kilograms, which does not fit (A), (B), or (D). Thus, his sentence was properly determined under subsection (C).

Garcia also argues that 841(b)(1)(C) does not reference 841(a), while 841(b)(1)(A) and 841(b)(1)(B) do. Each of the latter sections begins "In the case of a violation of subsection (a) of this section involving ..." and then goes on to list different amounts of drugs, and set forth the punishment for those amounts. Within the text of subsection (C) itself, there is no such reference to subsection (a). Garcia thus argues that the punishment in (C) is not tied to 841(a) and that he cannot be sentenced under that provision, because there is nothing tying it to his conviction under 841(a). In his reply, he adds that the alleged absence of a reference to § 841(a) renders § 841(b)(1)(C) "void for vagueness" and constitutionally defective. (D.E. 72 at 6-12).

His argument, however, ignores the text at the ***very beginning*** of Section 841(b), which contains the reference to 841(a): "Except as otherwise provided in section 859, 860, or 861 of this title, any person who violates subsection (a) of this section shall be sentenced as follows: ..." 21 U.S.C. § 841(b). Thus, the statute is clear that all sentences imposed

under *any* subsection of Section 841(b) are imposed for a violation of 841(a). Garcia's argument to the contrary is without merit.[4]

Because neither of these arguments have any merit, it was not deficient of Garcia's sentencing counsel and appellate counsel not to raise them. United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument ... cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue."). Thus, Garcia's first claim fails.

### 3. Counsel's Failure To Object to The Sentence As Above The Statutory Maximum

Garcia's second claim appears to be based on Garcia's mistaken belief that the statutory maximum for his offense was only 5 years because it involved less than 100 kilograms of marijuana. In fact, Section 841(b)(1)(C) sets a statutory maximum of not more than 20 years, except under certain circumstances not relevant here. Thus, the statutory maximum for his offense was 240 months, and he was sentenced to 97, far less than the statutory maximum.[5]

---

[4] Garcia points to the fact that 21 U.S.C. § 960, a similar statute, contains the language "In the case of a violation under subsection (a) of this section ... " in each of the punishment sections for varying amounts of controlled substances. Unlike Section 841(b), however, Section 960(b) does not contain the preliminary language referencing subsection (a).

[5] In his reply, Garcia seems to be arguing that the statutory maximum for § 841(b)(1)(C) should be five years because the statutory minimum in § 841(b)(1)(B) is five years. (D.E. 72 at 13-14). His argument does not make sense to this Court and, in any event, is without merit. Section 841(b)(1)(C) Subsection (C) clearly sets forth a twenty-year maximum sentence for a case such as Garcia's, and no minimum sentence.

Accordingly, even if his counsel had objected to his sentence as being above the statutory maximum, the objection would have been denied as frivolous. Garcia's second claim of ineffective assistance of counsel also fails. See Kimler, 167 F.3d at 893.

For all of the foregoing reasons, Garcia's motion under 28 U.S.C. § 2255 is DENIED.

## C.     Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Garcia has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he

petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002)(relying upon Slack, 529 U.S. at 483-84).

The Court concludes that reasonable jurists could not debate the denial of Garcia's § 2255 motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Accordingly, Garcia is not entitled to a COA as to his claims.

## V. CONCLUSION

For the foregoing reasons, Garcia's motion to vacate, set aside or correct his sentence (D.E. 68) is DENIED. Additionally, Garcia is DENIED a Certificate of Appealability.

ORDERED this 26th day of December, 2006.

_____
HAYDEN HEAD
CHIEF JUDGE